UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL No. 25-2535 (DSD/DLM)

Trawanda Johnson,

        Plaintiff,

**ORDER**

v.

Blackswan Townhomes; Lara; and Angel,

        Defendants.

    Plaintiff Trawanda Johnson commenced this action against Blackswan Townhomes and its agents claiming that she was denied housing because of a fifteen-year-old felony conviction. ECF No. 1. Johnson did not pay the filing fee for this matter; instead, she has applied for in forma pauperis ("IFP") status. See ECF No. 2. That IFP application is now before the court and must be considered before any other action may be taken in this matter. See 28 U.S.C. § 1915(e).

    After review of the IFP application, the court concludes that Johnson qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief

may be granted, the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Johnson contends that she was denied housing because of a fifteen-year-old felony conviction, but she does not explicitly assert any cause of action, nor does she explicitly request any particular relief. Insofar as she is attempting to bring a claim for relief under 42 U.S.C. § 1983, defendants are plainly private actors and she alleges no facts to suggest that they worked in concert with any state actor. See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("A private party who willfully participates in joint activity with the State or its agent is considered a state actor."). Accordingly, defendants

cannot be sued under § 1983 for alleged constitutional violations. See Doe v. North Homes, Inc., 11 F.4th 633, 637 (8th Cir. 2021). Even if defendants could be sued under § 1983, the complaint, even taken as true, does not support a reasonable inference that Johnson's constitutional rights have been violated. Indeed, Johnson does not allege that she has a constitutional right to housing or a constitutional right to be considered for housing notwithstanding an old felony conviction.

Insofar as Johnson seeks relief under state law, the complaint does not specify any cause of action or the relief she seeks. Even more fundamentally, however, the complaint does not establish the court's original jurisdiction over any state-law claims, as Johnson does not allege that more than $75,000 is at stake between the parties, nor does she allege a complete diversity of citizenship between the parties. See 28 U.S.C. § 1332(a). And because Johnson has not pleaded any claim for relief under federal law, the court would not extend supplemental jurisdiction over any state-law claims even if such a claim had been adequately pleaded. See Hervey v. County of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008).

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This matter is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. The application to proceed in forma pauperis [ECF No.2] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 23, 2025                /s David S. Doty
                                                      David S. Doty, Judge
                                                      United States District Court